IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTHONY BURNETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 120-117 |
| | ) | |
| STATE BOARD OF PARDONS | ) | |
| AND PAROLES; et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner originally filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in the Middle District of Georgia, and Chief Judge Marc T. Treadwell transferred the petition to this Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** Petitioner's motions to proceed *in forma pauperis* ("IFP") be **DENIED AS MOOT**, (doc. nos. 2, 6), Petitioner's Motion for Dismissal of his state conviction be **DENIED AS MOOT**, (doc. no. 12), the § 2254 petition be **DISMISSED**, and this civil action be **CLOSED**.

## I.   BACKGROUND

Petitioner reports he was convicted in 1998 in the Superior Court of McDuffie County, Georgia for malice murder, felony murder, aggravated assault, and possession of a firearm during commission of a felony. (Doc. no. 1, p. 1.) Petitioner is well-known to the Court as a serial filer of habeas corpus petitions. Whether by habeas corpus or improper civil rights

actions, Petitioner has made at least eleven attempts to challenge his state conviction. See Burnett v. Hall CV 115-186 doc. no. 5, pp. 1-2 (S.D. Ga. Dec. 4, 2015) (discussing Petitioner's prior filing history), *adopted by* doc. no. 8 (S.D. Ga. Jan. 6, 2016).[1]   The District Court dismissed for lack of subject-matter jurisdiction Petitioner's most recent successive habeas petition in January 2016 because he did not receive authorization to file a successive petition from the Eleventh Circuit Court of Appeals. Id., doc. no. 8.   Petitioner does not allege he has since requested or received such authorization from the Eleventh Circuit Court of Appeals.

## II.    DISCUSSION

Because Petitioner filed prior applications for a federal writ of habeas corpus, the current application is successive.   The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") states as follows:  "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A). Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999).  Without this authorization, the district court correctly dismisses second and successive habeas corpus applications.  In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

Petitioner does not state he has sought or been granted permission from the Eleventh Circuit to file a second or successive § 2254 petition.  Without such authorization, this Court

---

[1]United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) (confirming courts may take judicial notice of records from other courts).

cannot consider Petitioner's claims.  In fact, the Eleventh Circuit rejected Petitioner's request to file a second or successive petition in July 2010.  See Burnett v. Chatman, No. 10-11297-H.  See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (explaining AEDPA's restrictions on second or successive petitions and concluding "[w]ithout authorization, the district court lacks jurisdiction to consider a second or successive petition"); see also In re Medina, 109 F.3d at 1564  (affirming dismissal of claims as successive because petitioner did not first file application with Eleventh Circuit).

## III.    CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court finds Petitioner has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals.  Therefore, the Court **REPORTS** and **RECOMMENDS** Petitioner's motions to proceed IFP be **DENIED AS MOOT**, (doc. nos. 2, 6), Petitioner's Motion for Dismissal of his state conviction be **DENIED AS MOOT**, (doc. no. 12), the § 2254 petition be **DISMISSED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of September, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA